## Baclawski v. Levy

James W. Walker, for plaintiff.
Joseph E. Gallagher, for defendant.
Joseph P. Kane, for additional defendant.

HOBAN, P. J., February 8, 1968.—On September 18, 1965, plaintiff parked his automobile on Jefferson Avenue in the City of Scranton, directly in front of his residence at no. 640 Jefferson Avenue. Within a few minutes a rainstorm occurred, during which a large branch from a tree located between the curb line and sidewalk of the Levy property, on the opposite side of Jefferson Avenue, fell on plaintiff's car, causing damage to the extent of $363.40.

In the spring of 1965, Mrs. Levy had complained to the city superintendent of parks that the tree in question was dead and ought to be removed, and, in the summer of 1965, the superintendant of parks visited the Levy premises, inspected the tree, agreed that the tree was dead and ought to be removed and that he would do so when time and manpower were available, there being at the time prior demands on the city for the removal of several hundred trees, particularly because of the elm blight. In 1966, the city park authorities did, in fact, remove the tree in question with another similar tree on the same property.

On the town plat of the Borough of Scranton, Jefferson Avenue at the point in question appears as 60 feet in width. This street and others were dedicated to the use of the borough (now city) by the Lackawanna Iron and Coal Company by deed dated March 7, 1857, recorded in Lackawanna County deed book 271, page 173.

By this instrument the company conveyed to the Borough the streets as plotted, for the use of the public as highways, so far as in the power of the said company so to do, and without conveying the soil, or fee simple in the land covered by the said highways, and all control and power over the same.

It is conceded that the front boundary of the Levy's land as conveyed to them is along the line of Jefferson Avenue. It is further conceded that the paved portion of Jefferson Avenue is 34 feet wide between curb lines, and that the distance from the curb lines on each side of the avenue to the right of way line is 13 feet.

Plaintiff, in his testimony, admitted that there were leaves attached to the portion of the tree which fell on his car as well as on the remainder of the tree left standing.

Based on the foreging facts, which are undisputed the positions of the respective parties may be stated as follows:

*Plaintiff:* Plaintiff parked his car in front of his residence as a matter of right. Whether that right was public, as permitted to a highway user when there is no traffic rule to the contrary, or a private right by virtue of his landlord's ownership to the center of the street, the right is not subject to invasion by the negligent failure of either the property owner or the city to eliminate a threatened hazard. The property owner is responsible for the maintenance of the area fronting on his property within the curb line of the street; hence, has a duty to so maintain it so as to prevent foreseeable risks to users of the highway whether within or without the paved roadway. Admittedly, original defendants recognized this duty and from time to time performed it. Original defendants recognized the hazard presented by a dead shade tree at least five months prior to the accident but took no effective means to eliminate it. Wind and rain are common phenomena in this climate,

and their effect on dead or dying trees is to be anticipated. Hence, original defendants were negligent and their negligence was a proximate cause of damage to plaintiff. As to the city, the city has through its ordinances assumed control over shade trees and their removal; through its agents it was informed of the hazard, agreed to remove the tree but failed to do so within a reasonable time after notice. The risk was foreseeable by the city.

The position of the Levys may be summarized as follows: By the peculiar circumstances of the grant by the Lackawanna Iron and Coal Company of the right-of-way for Jefferson Avenue, the Levys acquired no title as abutting property owners to the sidewalk area or to the center of Jefferson Avenue inchoate or otherwise. Hence, if liability is sought to be imposed on the Levys as property owners, the case must fail. Furthermore, both by legislation (Act of May 31, 1907, P. L. 349, 53 PS §3291), and by city ordinance (file of council no. 22, year 1922; Mattes Digest, p. 341), control of shade trees has been effectively removed from the property owner or abutting owner, whatever may be his status as to title. Having notified the city through its agents that the tree in question was dead or dying and ought to have the city's attention, the Levys performed all the duties which could have been required of them.

Finally, as to the Levys, it is argued that there is no proof offered that the tree in question was a hazard to the public or an imminent danger. A dead or dying tree, as such, absent evidence of decay or rot or weakened limbs, is not necessarily a danger. Plaintiff having failed to present proof of such a hazard cannot prevail as to the Levys' not having met the burden of proving negligence as to them.

The position of the City of Scranton is that plaintiff in parking his car in front of his residence did so in

the exercise of a private right based upon his or his landlord's ownership of the land to the center of the street, and not that of a traveller relying on the city's corporate duty to maintain the highway in a reasonably safe condition for vehicular use. The city is not obliged to take corporate action to prevent invasion of a private property right.

Further, the city has established a procedure by which a property owner may apply for and receive permission to remove an offending tree, admittedly not used by the Levys: Ordinance file of the council no. 2, 1922. Nor is the city obliged to care for or remove offending trees absent evidence that they are, in fact, a hazard to the travelling public; hence, informal conversations or agreements with the superintendent of parks are not legal commitments, the violation of which may be regarded as evidence of negligence on the part of the city in performing its corporate duty.

All of the foregoing arguments are backed by numerous citations all having distinct application in the circumstances. But I do not believe this case compares with any one of them. Here, we have a situation where hundreds and perhaps thousands of shade trees in the city have been affected by a blight ruining their aesthetic value as shade trees and offering a potential hazard to the travelling public. The testimony warrants the inference that the city in the interest of the public as a whole had assumed the task of removing such trees. Obviously with the means at hand, such an enormous task could not be accomplished in a day or a month, but the city did acknowledge its corporate obligation and proceeded to carry it out with diligence. If it failed in some cases to remove such potential hazards, before a property right whether exercised as a private or public right is invaded, I think that its failure must be regarded as negligence in the legal sense, imposing liability for damage to users of the highway whether in

passage or parked. The innocent victim should not be deprived of redress for such failure. The writer would like it understood that so far as the city is concerned, no personal fault is to be ascribed to a hard pressed city bureau. The risk was foreseeable, the obligation to eliminate it was a corporate responsibility and if the city could not fully meet it, it seems only just that the public as a whole should bear the damage.

As to the Levys, the peculiar title situation of the grant from the Lackawanna Iron and Coal Company both to the city of a right-of-way, and subsequent sales to the property owners of abutting properties, make it extremely dubious that the ordinary rule that abutting owners take in fee to the middle of the road is applicable. Nor is there anything in the shade tree ordinance or its application which compelled the Levys to remove the tree at their own expense. I am of the opinion that the Levys must be relieved of responsibility for the reason that plaintiffs have failed to meet the burden of proving actionable negligence on their part which could be considered the legal cause of the harm to plaintiff.

### JUDGMENT

Now, February 8, 1968, I find in favor of plaintiff Raymond F. Baclawski and against the City of Scranton in the sum of $363.40, and I find in favor of the original defendants, Bernard Levy and Elaine Levy.

Exceptions, if any, to be filed within 20 days, otherwise judgment as aforesaid.